**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUN 1 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 18-50360 |
| Plaintiff-Appellee, | D.C. No. 3:17-cr-03172-AJB-1 |
| v. | |
| ALVARO ANTONIO DOMINGUEZ, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Anthony J. Battaglia, District Judge, Presiding

Submitted May 7, 2020**
Pasadena, California

Before: MURGUIA and CHRISTEN, Circuit Judges, and HELLERSTEIN,***
District Judge.

Alvaro Dominguez appeals from the district court's judgment and challenges

his sentence for possession of methamphetamine with intent to distribute, in

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable Alvin K. Hellerstein, United States District Judge for the Southern District of New York, sitting by designation.

violation of 21 U.S.C. § 841. The district court sentenced Dominguez to a forty-six-month term of incarceration, to be followed by a three-year period of supervised release that is subject to various conditions—including a special condition which forbids him from entering or residing in Mexico without permission of the district court or his probation officer. Dominguez challenges his custodial sentence as substantively unreasonable; the above-mentioned special condition as procedurally and substantively unreasonable; and several of the standard conditions of supervision as either unconstitutionally vague or wrongfully imposed without notice based on amendments to the Sentencing Guidelines and this circuit's case law. We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742. We affirm in part, vacate in part, and remand.

We review the substantive reasonableness of a sentence for an abuse of discretion. *United States v. Autery*, 555 F.3d 864, 871 (9th Cir. 2009). De novo review applies to claims that conditions of supervised release violate the Constitution, *United States v. Evans*, 883 F.3d 1154, 1159–60 (9th Cir. 2018), and when a defendant is denied notice of the imposition of a non-standard condition of supervised release, *United States v. Napier*, 463 F.3d 1040, 1042 (9th Cir. 2006). Finally, we review conditions of supervised release for plain error if, as was the case here with respect to the special condition challenged on appeal, the defendant fails to object at the time they are imposed. *United States v. Jeremiah*, 493 F.3d

2

1042, 1046 (9th Cir. 2007).

1.    The custodial sentence imposed by the district court is substantively reasonable. It is evident from the record that the district court carefully considered the totality of the circumstances in determining the forty-six-month below-Guidelines sentence. *See Gall v. United States*, 552 U.S. 38, 51 (2007); *see also United States v. Whitehead*, 532 F.3d 991, 992–93 (9th Cir. 2008) (per curiam) (affirming below-Guidelines sentence based on district court's reasoning). In doing so, the district court considered the 18 U.S.C. § 3553(a) factors, in addition to the Sentencing Guidelines, and explained its deviation from the Guidelines range. *Id.* The district court, probation department, government, and defense agreed that the applicable Guidelines range was seventy to eighty-seven months. The government recommended a fifty-eight-month custodial sentence. Probation recommended sixty months. Dominguez requested eighteen months. Citing Dominguez's age and lack of education, the district court departed downward four levels from the otherwise applicable offense level and arrived at a Guidelines range of forty-six to fifty-seven months. The record does not support Dominguez's contentions that the sentence was illogical, arbitrary, or failed to account for Dominguez's age and maturity level.

2.    The district court plainly erred—procedurally and substantively—when it imposed the special condition of supervised release prohibiting Dominguez

3

from residing in Mexico without permission of the district court or his probation officer. Because the special condition implicates Dominguez's right to familial association, the district court was required to make special findings on the record, supported by evidence in the record, that the special condition is necessary for deterrence, protection of the public, or rehabilitation, and that it involves no greater deprivation of liberty than reasonably necessary. *United States v. Wolf Child*, 699 F.3d 1082, 1087 (9th Cir. 2012). Because the district court made no such findings, and it failed to conduct an individualized examination of Dominguez's relationship with the affected family members, it committed procedural error. *Id.* at 1087–88. Our precedent equates this procedural error with reversible error under plain error review. *Id.* at 1095. That Dominguez may enter or reside in Mexico if he obtains permission from the district court or his probation officer is irrelevant. *Id.* at 1096.

The district court's imposition of the special condition was also substantively unreasonable to the extent it prohibits Dominguez from residing with his family. Nothing in the record would support a finding that this restriction on his right to familial association involves no greater deprivation of liberty than is reasonably necessary to accomplish the goals of deterrence, protection of the public, or rehabilitation. *Id.* at 1096–97. The record indicates that Dominguez's family is a supportive and positive influence; that they do not have immigration

4

privileges to enter the United States; that Dominguez was financially dependent on his parents at the time of his arrest; that he does not speak English; that he has never lived in the United States; and that he has a low risk of reoffending.

We therefore vacate the special condition and remand to the district court for resentencing. Conditions imposed on Dominguez on remand should be narrowly drawn, and reasonably related to the statutory goals of supervised release and involve no greater deprivation of Dominguez's liberty than reasonably necessary to accomplish these goals. *Id.* at 1103; U.S.S.G. § 5D1.3(b). We again note from the record that Dominguez, although a U.S. citizen, does not have residence in the United States. Before his detention, he lived with his family in Mexico. His family is not authorized to enter the United States. The standard conditions of supervised release, implicit in every criminal judgment—but subject to the discretion of the district judge if the judge believes them to be inapplicable, *Napier*, 463 F.3d at 1043—require defendants to have an "authorized residence" within the district, and to obtain permission for travel outside the district, U.S.S.G. § 5D1.3(c)(1), (3). The district judge should exercise his discretion as to whether these conditions are appropriate under the circumstances and determine if Dominguez—a young man who will be approximately twenty-one years old upon release—is to live with his family in Mexico, or whether an authorized residence within the district may be required, along with travel rights to Mexico.

3. The district court also imposed the following formerly standard conditions of supervised release on Dominguez:

No. 4 – The defendant shall support his or her dependents and meet other family responsibilities.

No. 5 – The defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons.

No. 7 – The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician.

No. 8 – The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered.

No. 13 – As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

We recently held that conditions identical to Conditions Four, Five, and Thirteen are unconstitutionally vague. *Evans*, 883 F.3d at 1162–64. Furthermore, Condition Four does not apply to Dominguez, as he does not have any dependents. Additionally, a November 2016 Guidelines amendment—which pre-dates Dominguez's sentencing—rephrased and incorporated Condition Seven into a special condition relating to substance abuse and eliminated Condition Eight altogether. The government concedes these conditions were unlawfully imposed. Accordingly, we vacate these conditions.

6

In summary, we affirm the custodial sentence, vacate the aforementioned conditions of supervised release, and remand for the district court to impose conditions of supervised release that are consistent with this order.

**AFFIRMED in part; VACATED in part; and REMANDED.**